ERNEST NEIL BOGAN v. ARKANSAS FIRST NATIONAL BANK OF HOT SPRINGS

5-5429                              462 S. W. 2d 203

Opinion delivered January 25, 1971

*Hamilton, Kane & Kane* and *Glover & Sanders,* for appellant.

*Kelly & Gambill* and *Rasmussen & Hogue,* for appellee.

GEORGE ROSE SMITH, Justice. In February, 1970, J. E. Miller and Marie Wright filed a petition in the Garland probate court, asking that the appellee bank be appointed as guardian of the person and estate of the petitioners' sister, Ella Carson Bogan, who was asserted to be mentally incompetent. The petition was resisted by the appellant, Mrs. Bogan's husband. Bogan asserted, first, that his wife was not incompetent, and second, that he rather than the bank should be named guardian if such an appointment were found to be necessary. After a hearing the probate court granted the original petition and appointed the bank as guardian of Mrs. Bogan's person and estate.

Bogan asserts four points for reversal. The first three are so interlaced that we will discuss them to-

gether: (1) The court erred in allowing Dr. Yohe to give privileged testimony; (2) the court erred in failing to give preference to Bogan, the husband, in its selection of a guardian; and (3) the court erred in holding that because Bogan did not testify at the hearing his qualifications were not established.

We need state only the salient facts. Mrs. Bogan was a wealthy resident of Oklahoma when she and the appellant were married in 1964, a few days after they first met one another. She was 84 years old; he was 53. After some six years of marriage, about which few details appear in the record, the couple came to Hot Springs, Arkansas, where Mrs. Bogan was placed in a nursing home, apparently by her husband.

Bogan wanted to effect the sale of a valuable piece of property owned by his wife, but there was a question about her mental capacity to enter into the proposed contract. The administrator of the nursing home, presumably with Bogan's approval, requested Dr. Yohe to examine Mrs. Bogan to see whether she was mentally competent. At the trial Dr. Yohe, over Bogan's objection, testified in part as follows:

I would find her highly incompetent. . . . There is a certain apathetic quality about her, a certain perplexity, that I think is born out of a lack of comprehension of what goes on around her. Her memory for remote and recent events seems just about nil. She is always disoriented . . . She never seems to know where she is, not the building, nor the town, nor the state. She does not seem to know whether it's day or night . . . She does not seem to know the purpose of why she is in the hospital, if she even realizes she is in the hospital. She certainly doesn't know the date nor the year. Judgment, I'd say, is about nil at this point. . . . I'd certainly call her incompetent. . . . [S]uch a profound mental deficiency would have to have been in existence for quite a few years. I think she was certainly incompetent five years ago and almost

certainly ten years ago. I think this took a long time in the building.

"Q. Would you say that there is any hope for improvement?

"A. No."

"The court was right in holding Dr. Yohe's testimony to be admissible. Under our statute a physician cannot be compelled to disclose "any information which he may have acquired from his patient while attending in a professional character and which information was necessary to enable him to prescribe as a physician." Ark. Stat. Ann. § 28-607 (Repl. 1962). We have consistently held that the privilege extends only to information that was necessary to enable the physician to prescribe for his patient. *Edwards* v. *State,* 244 Ark. 1145, 429 S. W. 2d 92 (1968); *Burris* v. *State,* 168 Ark. 1145, 273 S. W. 19 (1925). Dr. Yohe merely examined Mrs. Bogan for the purpose of determining her competency to enter into a contract. He did not treat the patient nor prescribe for her.

The appellant argues, however, that Dr. Yohe was a licensed psychologist, so that the applicable statute makes the privilege as broad as that between attorney and client. Ark. Stat. Ann. § 72-1516 (Repl. 1957). It does not clearly appear that Dr. Yohe was a psychologist within the purview of the statute, but even if that showing had been made the attorney-client privilege extends only to communications made to the attorney by his client "in that relation." Ark. Stat. Ann. § 28-601. It seems plain that the legislature, in adopting the earlier statute by reference, intended to confine the privilege to communications made in the relationship of physician and patient. Thus we see no essential difference between the statute applicable to physicians in general and the one applicable to psychologists. We consider Dr. Yohe's testimony to have been admissible under either act.

With respect to points (2) and (3), the pertinent statute confers upon the husband no absolute right to the appointment; "rather, the statute leaves it to the Court to select that person as guardian, the appointment of whom would be for the best interests of the incompetent." *McCartney* v. *Merchants & Planters Bank,* 227 Ark. 80, 296 S. W. 2d 407 (1956), construing the governing statute: Ark. Stat. Ann. § 57-608 (Supp. 1969). Bogan did not testify at the hearing, nor is there any other proof about his qualifications to act as guardian. Consequently we find no error in the trial court's selection of the bank as the guardian of Mrs. Bogan's estate—a position for which the proof shows the bank to be qualified.

There is merit, however, in the appellant's remaining point for reversal; that is, that the bank should not have been appointed as guardian of Mrs. Bogan's person. The two parallel provisions of the Probate Code draw a clear distinction between a natural person and a corporation with reference to a guardianship of the ward's person:

"a. A natural person, a resident of this state, twenty-one or more years of age, of sound mind, not a convicted and unpardoned felon, is qualified to be appointed guardian of the person and of the estate of an incompetent.

\* \* \*

"d. A corporation authorized to do business in this state and properly empowered by its charter so to do is qualified to serve as guardian of the estate of an incompetent." Ark. Stat. Ann § 57-607.

Moreover, a corporation is not well suited to the performance of the duties imposed by the Probate Code upon a guardian of the person. Sections 57-624 and 57-625. We accordingly conclude that the trial court was in error in naming the bank as the guardian of Mrs. Bogan's person.

We affirm that part of the judgment appointing the bank as guardian of Mrs. Bogan's estate and that part of the judgment rejecting Mr. Bogan's application to be appointed as guardian in either capacity. We reverse that part of the judgment appointing the bank as guardian of Mrs. Bogan's person and remand the cause for the selection of a suitable natural person for that position.